IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH L. KNOWLES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-780-D |
| | ) | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | ) ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Kenneth L. Knowles ("Plaintiff"), and for his cause of action against Defendant, Transamerica Life Insurance Company ("Defendant"), states as follows:

### PARTIES

1. Plaintiff, Kenneth L. Knowles, is a citizen and resident of Oklahoma. At all times hereinafter mentioned Plaintiff was and is a resident of McClain County, State of Oklahoma.

2. Defendant Transamerica is a for-profit corporation, a foreign insurance company, incorporated and domiciled in the State of Iowa, with its principal place of business in a state other than Oklahoma.

### JURISDICTION AND VENUE

3. This Court has jurisdiction and venue to adjudicate the claims and controversies herein in accordance with 28 U.S.C. §1332 because the parties are citizens of different states,

and the matter in controversy exceeds the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs. Defendant has continuous and systematic contacts with and does business in Oklahoma and the policy of insurance at issue in this action was purchased in McClain County, located within this Court's jurisdictional boundaries.

**FACTS**

4. The insurance policy giving rise to this litigation was sold and issued in the State of Oklahoma to Plaintiff's spouse Debra L. Knowles (deceased) while Plaintiff, Kenneth Knowles, was a resident of McClain County, State of Oklahoma.

5. That the Plaintiff's spouse purchased a life insurance policy with the Defendant wherein the Defendant promised to pay Plaintiff as the beneficiary of the policy in the event that Mrs. Knowles should pass away.

6. That Plaintiff's spouse underwent a two-part application process, completing part one on August 6, 2014 with Transamerica agent Belynda A. Tayar, and completing part two on August 15, 2014 with Paramedical Examiner Mary S. McKinley.

7. On September 12, 2014, Defendant issued Mrs. Knowles a term life insurance policy, Policy No. 43172858.

8. That all premiums on the Policy were paid.

9. Plaintiff's spouse passed away in March, 2016, and under the terms of the subject policy, Defendant is bound to pay Plaintiff.

10. That Plaintiff made due demand on Defendant for payment of the policy benefits. Defendant has refused to pay the benefits due under the Policy.

### *First Cause of Action:  Breach of Contract*

11. Plaintiff adopts and re-pleads paragraphs 1-10, above, and further alleges as follows:

12. Debra Knowles (deceased) contracted with Defendant for its Term Life Insurance (the "Policy") coverage when purchasing the Policy here at issue.

13. At all times material, the policy of insurance, No. 43172858, was in full force and effect.

14. Mrs. Knowles fully performed as agreed by paying all premiums when due. Plaintiff timely and properly submitted his claim for benefits following Mrs. Knowles death, and the Defendant has improperly refused to pay for the covered loss under the Policy for insurance, wrongfully denying the claim. By its conduct, the Defendant has breached the contract.

15. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of $75,000.00, exclusive of attorney's fees, costs, and interest.

### *Second Cause of Action:  Breach of the Duty of Good Faith & Fair Dealing*

16. Plaintiff adopts and re-pleads paragraphs 1-15, above, and further alleges:

17. In March 2016, Plaintiff's spouse passed away while the Policy was in full force and effect, and all premiums had been paid.

18. Plaintiff made due demand on Defendant for payment of the policy benefits, and met all conditions precedent for payment of those benefits.

19. Defendant owed a duty to Plaintiff to deal fairly and in good faith. Defendant has breached its duty to Plaintiff by claiming that Mrs. Knowles made material omissions on her application, even though no valid or factual reason exists to do so.

20. In its handling of Plaintiff's claims, and as a matter of standard business practice in handling like claims under its life insurance policies, Defendant breached its duty to deal fairly and act in good faith towards the Plaintiff by:

   a. Failing and refusing to pay the benefits due to Plaintiff under the Policy;

   b. Failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original denial and following the receipt of additional information;

   c. Withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. Refusing to honor Plaintiff's claims in some instances by applying restrictions not specifically contained in the policy;

   e. Refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the Policy;

   f. Refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying standard insurance principles;

g. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under such policies, to include Plaintiff's claims;

h. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i. Forcing Plaintiff, pursuant to their standard business practice, to retain counsel in order to secure benefits Defendant knew were payable;

j. Failing to properly investigate and evaluate any investigation that was performed, including but not limited to, intentionally disregarding the undisputed facts concerning the claim;

k. Failing to reasonably construe the facts of the case to settled Oklahoma law;

l. Rescinding the policy without legal or factual justification; and

m. Unreasonably delaying and denying policy benefits, all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to Defendant.

21. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount in excess of $75,000.00, exclusive of attorney's fees, costs, and interest.

22. Defendant's conduct was intentional, willful, malicious, and committed in utter reckless disregard of Plaintiff's rights, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages in excess of $75,000.00.

### *Combined Prayer for Relief*

WHEREFORE, premises considered, Plaintiff prays for judgment in his favor and against Defendant, Transamerica, for:

a) Payment for all contractual benefits for all coverages promised to Plaintiff under the policy of insurance, with interest on all amounts due;

b) Actual and compensatory damages, each in an amount in excess of $75,000.00;

c) Disgorgement of the increased financial benefits derived by Defendant as a result of its wrongful conduct;

d) Punitive damages in an amount in excess of $75,000.00;

e) Pre-judgment interest, costs, and attorney's fees; and

f) Any other relief the Court deems just and equitable.

Respectfully submitted,

/s Jason Waddell
Jason Waddell, OBA No. 30761
Jason Waddell, PLLC
222 NW 13th Street
Oklahoma City, OK  73103
Telephone:   (405) 232-5291
Facsimile:    (405) 708-7871
Jason@JasonWaddellLaw.com
**ATTORNEY FOR PLAINTIFF**

ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED